UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MISTY SHEEHAN,

    Plaintiff,                                               Civil Action No. 13-CV-15259

vs.                                                     HON. BERNARD A. FRIEDMAN

CAROLYN COLVIN,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on cross motions for summary judgment [docket entries 14, 15].  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's decision denying her application for Supplemental Security Income.  The issue is whether the written decision of the Administrative Law Judge ("ALJ"), which represents defendant's final decision in this matter, is supported by substantial evidence, defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938).  In making this determination the Court does not review the matter *de novo*, and it may not weigh the evidence or make credibility findings.  If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even if the Court may have decided the case differently in the first instance.  *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th

Cir. 2014).

In the present case, plaintiff claims a disability onset date of February 1, 2011, at which time she was 25 years old. She has an eleventh grade education and work experience as a fast food worker and strip club server. In her disability report plaintiff claims to be disabled by bipolar disorder, irritable bowel syndrome ("IBS"), and depression (Tr. 202). At her administrative hearing, plaintiff testified she cannot work because of pain on her left side, because she "get[s] sick in the morning," and because she "get[s] very irritated with people" (Tr. 41-42). In her summary judgment motion, plaintiff argues she is also disabled by painful dental problems and knee and shoulder pain. Pl.'s Br. at 2-3. The ALJ found that plaintiff's severe impairments are "mental disorders; gastrointestinal disorders; migraines; obesity; and dental disorders," but that she has the residual functional capacity ("RFV") to perform a limited range of light work (Tr. 20-24). Based on vocational expert ("VE") testimony, the ALJ concluded that plaintiff is not disabled because work which she can perform exists in significant numbers in the national and regional economy (Tr. 24-25).

Having reviewed the entire record, the Court finds that the ALJ's decision is supported by substantial evidence. There is very little, if any, medical evidence showing that plaintiff has IBS or other gastrointestinal impairments. In January 2011 plaintiff complained of umbilical pain, nausea, and diarrhea, but a CT scan revealed only "[f]at containing umbilical hernia without apparent complicating process" (Tr. 327-28), for which plaintiff has received no follow-up care. There is some evidence that plaintiff has knee and shoulder pain, and occasional migraines, but none suggesting this pain is of disabling severity or that plaintiff has ever sought follow-up care. X-rays of her right knee in April 2012 were normal (Tr. 322). A left shoulder sprain was diagnosed

in March 2012 (Tr. 323), but the medical records contain nothing further as to this. Migraines are mentioned only sporadically in the records (Tr. 332, 345, 347). Plaintiff clearly has experienced dental pain from abscesses and tooth decay, as is apparent from her emergency room visits in January - March and June 2011 (Tr. 260-75, 394-411) and from her treatment notes from the University of Michigan School of Dentistry (Tr. 340-52). In February 2012, all of plaintiff's teeth were extracted and replaced with dentures (Tr. 342). However, there is nothing in the record to suggest this pain was frequent or severe enough, or unmanageable despite medication, to prevent plaintiff from working.

Plaintiff's most severe impairments, as the ALJ found, are her depression and bipolar disorder. But the ALJ reasonably found that these do not prevent plaintiff from engaging in simple, unskilled work that does not involve contact with others. The record contains notes from a counseling center in Monroe, Michigan, indicating that plaintiff has received these diagnoses and been prescribed medication (Tr. 282-96, 314-19). However, plaintiff's therapist characterized her depression as "mild" (Tr. 289) and noted in February 2011 that plaintiff "has a job interview" (Tr. 291). Dr. Boneff, a Ph.D. psychologist who examined plaintiff in August 2011, diagnosed a "[p]ersonality disorder," but did not suggest plaintiff is unable to work and noted her various, normal daily activities, including caring for her children, cooking, cleaning, socializing with friends, attending church, and driving (Tr. 302-03).[1] Dr. Boneff noted that plaintiff drove herself to the

---

[1] In describing her own activities, plaintiff indicated that she cares for her four children and also "help[s] care for my bf's mother," that she cares for several pets, prepares meals, cleans, does laundry, that she goes outside "all the time," drives, goes shopping once or twice per week, watches television, listens to music, runs errands, and talks on the telephone (Tr. 215-18). Plaintiff told Dr. Boneff that "[o]n Wednesday nights she enjoys going out to the bar for dollar beer night with her girlfriends . . . ." (Tr. 302). At the hearing, plaintiff testified that for some period of time, in addition to these activities, she took care of her fiance's mother, helping her to

appointment, that her appearance was neat and clean, that she conversed openly with him, that she "was in touch with reality, cooperative and polite, . . . [h]er affect was animated. Her mood was calm, pleasant and relaxed," and that she "was somewhat simple and concrete but logical and organized" (Tr. 302). A psychologist who reviewed plaintiff's records for the state disability determination service concluded that plaintiff is moderately limited in her ability to concentrate, to work with others, and to work at a consistent pace, but that she is nonetheless able to do simple, unskilled work. When plaintiff sought ER treatment for her dental pain, she was found on each occasion to be oriented x 3 and to have a normal mood and affect (Tr. 261, 395, 400, 407, 411).

On this record, the ALJ was fully justified in finding that plaintiff's mental impairments restrict her to simple, unskilled work involving limited contact with others, and that plaintiff's physical impairment restrict her to light-level work. Based on the VE testimony, the ALJ was further justified in concluding that plaintiff is not disabled because thousands of jobs exist, both regionally and nationally, which accommodate these restrictions.

In her summary judgment motion, plaintiff offers no persuasive argument in support of her request that the case be remanded either for further proceedings or for an award of benefits. She argues first that the ALJ's RFC assessment is flawed, as the "medical evidence supports a finding that she is unable to work at any exertional level as a result of her chronic orthopedic pain and mental health impairments." Pl.'s Br. at 6. However, the issue is not whether the evidence might support such a finding, but whether substantial evidence supports the ALJ's findings and conclusions. In this case, the ALJ reasonably concluded that plaintiff's orthopedic pain does not prevent her from doing light level work, as the medical evidence of any orthopedic impairment is

---

dress, assisting her to walk down stairs, and driving her places (Tr. 49-54).

essentially nonexistent, and plaintiff's many normal daily activities clearly suggest she has no significant physical limitations. The ALJ also reasonably concluded that plaintiff's mental impairments do not interfere with the limited range of simple, unskilled, no-contact work identified by the VE. Again, plaintiff's ability to care for her children, her pets and her fiancé's mother, to shop and run errands, socialize with friends, talk on the telephone, do housework, and attend church, support the ALJ's finding that plaintiff's mental impairments are not of disabling severity. The medical evidence likewise supports this finding, particular the reports of Drs. Blake and Boneff, whose comments and conclusions are not contradicted by any medical sources.

Plaintiff next points to her "chronic and painful dental problems." Pl.s Br. at 7. The ALJ acknowledged these problems, discussed the evidence concerning them at length, and, indeed, included them among the impairments he found to be severe (Tr. 20, 22). Nonetheless, the ALJ noted that "[n]o medical source has assigned any work-related limitations related to these issues" and that plaintiff has managed this pain with medication (Tr. 22). Plaintiff has not shown any error in these finding.

Plaintiff next argues the ALJ did not evaluate her credibility correctly. The Court rejects this argument. All of an ALJ's findings, including those relating to credibility, must be supported by substantial evidence. *See Gustafson v. Comm'r of Soc. Sec.*, 550 F. App'x 288 (6th Cir. 2014). In the present case, the ALJ reasonably found that "the medical evidence does not substantiate the degree of limitation alleged, and Sheehan's activities are suggestive of greater abilities than as alleged" (Tr. 24). Plaintiff's various daily activities, as well as the general lack of medical evidence, adequately support the ALJ's decision to discount plaintiff's claim that she is unable to work.

For the reasons indicated above, the Court concludes that the ALJ's decision in this matter is supported by substantial evidence. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

```
                                    S/ Bernard A. Friedman_____
                                    BERNARD A. FRIEDMAN
                                    SENIOR UNITED STATES DISTRICT JUDGE
```

Dated:  November 18, 2014
        Detroit, Michigan